Filed 7/28/26  Sosa v. CTM Apartment Services Corp. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| EMILY SOSA et al., | |
| Plaintiffs and Appellants, | E087686 |
| v. | (Super.Ct.No. CVRI2401320) |
| CTM APARTMENT SERVICES CORPORATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Sophia Choi, Judge.

Reversed and remanded.

Litigation Advocacy Group and Glenn A. Murphy for Plaintiffs and Appellants.

Wood Smith Henning & Berman, LLP, and Stephen M. Caine, Frances M. O'Meara, and Mindy S. Bae, for Defendant and Respondent.

1

## INTRODUCTION

On May 6, 2026, respondent CTM Apartment Services Corporation (CTM) filed an unopposed motion to reverse the judgment and dismiss the appeal. Reversal and dismissal, however, are different dispositions. In the motion, CTM explained that under two Court of Appeal opinions issued since the judgment, the grant of summary judgment is "necessarily error." We will treat the motion as a decision not to file a respondent's brief and accordingly will review the merits to determine whether the opening brief demonstrates prejudicial error. (*City of Desert Hot Springs v. Valenti* (2019) 43 Cal.App.5th 788, 792, fn. 5; Cal. Rules of Court, rule 8.220(a)(2).) Because the judgment is erroneous under uncontradicted case law issued after it, we reverse the grant of summary judgment and remand the case for further proceedings.

## DISCUSSION

In this action, appellants Emily Sosa and nine other plaintiffs allege that respondent CTM, which owns and operates apartment complexes, violated the Investigative Consumer Reporting Agencies Act (ICRAA) (Civ. Code, §§ 1786-1786.64) by, among other things, failing to notify prospective tenants that they could request a copy of their credit reports.

In a motion for summary judgment, respondents argued in part that, under *Limon v. Circle K Stores, Inc.* (2022) 84 Cal.App.5th 671 (*Limon*), the plaintiffs had no standing to sue under the ICRAA because a concrete harm or actual damage was required to obtain the statutory damages of up to $10,000, and no plaintiff could show concrete harm

2

because each was allowed to enter into a lease after respondents checked their credit. *Limon* held that a successful job applicant lacked standing to sue their employer under the federal Fair Credit Reporting Act (FCRA) for failing to provide certain mandated disclosures because the employer ultimately hired the plaintiff after the pre-employment credit check and thus the applicant could not show harm from the lack of FCRA disclosures on the credit application. (*Id.* at p. 697.) The trial court granted summary judgment on that basis.

While this case has been on appeal, the Court of Appeal has issued two opinions holding that, contrary to the superior court's ruling, no actual injury need be proven to sustain a cause of action under ICRAA, with its statutory damages. (*Yeh v. Barrington Pacific*, *LLC* (2026) 117 Cal.App.5th 1303, 1320-1321 (*Yeh*); *Parsonage v. Wal-Mart Associates*, *Inc.* (2026) 118 Cal.App.5th 399, 459 (*Parsonage*).)

In *Yeh*, *supra*, 117 Cal.App.5th 1303, plaintiffs sued their landlords under ICRAA for failing to provide certain information during the rental application process. The Court of Appeal concluded the superior court erred in part in granting summary judgment to the landlords because the plaintiffs "need not prove actual harm to bring an ICRAA claim; a violation of their informational rights alone entitles them to the statutory penalty and provides standing to pursue an action." (*Id.* at p. 1323.) In *Parsonage*, *supra*, 118 Cal.App.5th 399, a successful applicant for a sales associate position eventually sued their employer for violations of ICRAA in obtaining their consent for an " 'investigative consumer report.' " (*Id.* at p. 408.) The superior court granted the employer's motion for

3

summary judgment and the Court of Appeal reversed, holding that ICRAA "does not require a showing of injury beyond violation to confer standing." (*Id*. at p. 459.) The court explained that this interpretation fulfilled the legislative intent to motivate compliance with the statute, punish wrongdoers, and incentivize consumers to enforce their rights. (*Id.* at pp. 459-460.)

Under these cases, the superior court erred in granting summary judgment under the ICRAA. Following these opinions, and in the absence of an argument why they should be distinguished or rejected, we agree with appellants that the trial court's grant of summary judgment must be reversed. We therefore reverse the judgment and return the case to the trial court for further proceedings.

**DISPOSITION**

The judgment is reversed and the case is remanded to the superior court for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

4